Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Roger A Guminski**
    Debtor(s)

Bankruptcy Case No.: 18–22339–JAD

Chapter: 13
Docket No.: 66 – 19, 63
Concil. Conf.: at

### ORDER OF COURT CONFIRMING PLAN AS MODIFIED
### AND SETTING DEADLINES FOR CERTAIN ACTIONS

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated 7/16/2018 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. ***A final plan conciliation conference will be held on at , in .*** If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☒ E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.     shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: M&T Bank [Claim #8–2] .

☐ H.    Additional Terms:

*(2.)*   **IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:**

**A.**   **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**   **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**   **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**   **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**   **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*  **IT IS FURTHER ORDERED THAT:**

**A.**  After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**  Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**  Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**  Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**  The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**  In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: January 15, 2020

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                          Case No. 18-22339-JAD
Roger A Guminski                                                Chapter 13
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0315-2          User: skoz              Page 1 of 2          Date Rcvd: Jan 15, 2020
                              Form ID: 149            Total Noticed: 19
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 17, 2020.
```
db             +Roger A Guminski,    118 Martin Road,    Enon Valley, PA 16120-1110
14862109       +First Federal Credit C,    24700 Chagrin Blvd Ste 2,    Cleveland, OH 44122-5662
14884918       +First Federal Credit Control, Inc.,    24700 Chagrin Blvd. #205,    Beachwood, OH 44122-5662
14862110       +Kevin G. McDonald, Esq.,    KML Law Group, P.C.,    701 Market Street,    Suite 5000,
                 Philadelphia, PA 19106-1541
14898326       +PNC Bank, N.A.,    PO Box 94982,    Cleveland, OH 44101-4982
14862113       +Pnc Bank,   2730 Liberty Ave,    Pittsburgh, PA 15222-4747
14862114       +Pnc Bank, N.a.,    1 Financial Pkwy,    Kalamazoo, MI 49009-8002
14862116       +Tiaa Bank,   301 West Bay Street,    Jacksonville, FL 32202-5147
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14862108        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 16 2020 04:19:51      Capital One,
                 15000 Capital One Dr,    Richmond, VA 23238
14873144        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 16 2020 04:19:51
                 Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
14862111        E-mail/Text: camanagement@mtb.com Jan 16 2020 04:25:15      M & T Bank,   1 Fountain Plz,
                 Buffalo, NY 14203
14895411        E-mail/Text: camanagement@mtb.com Jan 16 2020 04:25:15      M&T Bank,   P.O. Box 840,
                 Buffalo, NY 14240-0840
14894097        E-mail/PDF: cbp@onemainfinancial.com Jan 16 2020 04:21:28       ONEMAIN,   P.O. BOX 3251,
                 EVANSVILLE, IN 47731-3251
14862112       +E-mail/PDF: cbp@onemainfinancial.com Jan 16 2020 04:20:29       Onemain,   Po Box 1010,
                 Evansville, IN 47706-1010
14888045        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 16 2020 04:21:56
                 Portfolio Recovery Associates, LLC,    POB 12914,   Norfolk VA 23541
14881863       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 16 2020 04:52:48
                 PRA Receivables Management, LLC,    Po Box 12914,   Norfolk, VA 23541-0914
14868436        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 16 2020 04:26:17
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, PA 17128-0946
14862115       +E-mail/Text: jennifer.chacon@spservicing.com Jan 16 2020 04:28:05       Select Portfolio Svcin,
                 Po Box 65250,    Salt Lake City, UT 84165-0250
14900412       +E-mail/Text: jennifer.chacon@spservicing.com Jan 16 2020 04:28:05
                 Wilmington Savings Fund Society, et al,    c/o Select Portfolio Servicing, Inc.,
                 P.O. Box 65450,    Salt Lake City, UT 84165-0450
                                                                                               TOTAL: 11
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              M&T BANK
14881862*       Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA 17128-0946
                                                                                  TOTALS: 1, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 17, 2020                                   Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 15, 2020 at the address(es) listed below:
```
              Danielle  Boyle-Ebersole    on behalf of Defendant    Wilmington Savings Fund Society, FSB, d/b/a
               Christiana Trust, as indenture trustee, for the CSMC 2017-1 Trust, Mortgage Backed Notes, Series
               2017-1 debersole@hoflawgroup.com,    pfranz@hoflawgroup.com
              Glenn R. Bartifay    on behalf of Debtor Roger A Guminski gbartifay@bartifaylaw.com,
               sfallat@bartifaylaw.com;gbartifay@yahoo.com;lkarageorgiou@bartifaylaw.com
              Glenn R. Bartifay    on behalf of Plaintiff Roger A Guminski gbartifay@bartifaylaw.com,
               sfallat@bartifaylaw.com;gbartifay@yahoo.com;lkarageorgiou@bartifaylaw.com
```

```
District/off: 0315-2           User: skoz                  Page 2 of 2                   Date Rcvd: Jan 15, 2020
                               Form ID: 149                Total Noticed: 19
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          James Warmbrodt    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Rebecca Solarz    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com

                                                                  TOTAL: 7